THIRD SCHOOL DISTRICT IN STOUGHTON *vs.* ELIJAH ATHERTON.

A clerk of a school district, who is once duly sworn into office, and is afterwards chosen clerk, but is not again sworn, is qualified to act as clerk, by virtue of the Rev. Sts. *c.* 23, § 27, which provide that he "shall hold his office until another shall be chosen and sworn in his stead."

A clerk of a school district, after he is out of office, and another is chosen and sworn in his stead, cannot amend the district records.

The records of a school district showed that the district voted to authorize their clerk to call and warn their annual meetings. *Held,* that the clerk was not thereby authorized to call and warn any other than the annual meetings; and that other meetings must be called by the selectmen or prudential committee, according to the provision of the Rev. Sts. *c.* 23, § 46. *Held also,* that parol evidence was inadmissible to prove that the real vote of the district was, to authorize the clerk to call and warn all district meetings.

A school district can act only in its corporate capacity, and can bind itself only by acts authorized by legal votes passed at a district meeting regularly called.

A meeting of a school district, which the clerk of the district had no authority to call and warn, was called and warned by him, at the request of A., a member of the district, who attended the meeting and made a written offer to lease to the district, on certain terms, a parcel of his land for the site of a school house; and the district voted to accept the offer: A. afterwards refused to execute the lease, and the district brought a bill in equity against him to enforce specific performance of his agreement. *Held,* that A. was not estopped to deny the legality of the meeting; that the district, by reason of the illegality of the meeting, was not bound by its vote; that the agreement, for want of mutuality, did not bind A.; and that the bill could not be maintained.

THIS was a bill in equity, praying for the specific performance of an alleged agreement to lease to the plaintiffs a parcel

of land for the site of a school house.    The case was submitted to the court on the bill and answer, and the following statement agreed on by the parties :

It appears by the records of the plaintiff district, that at a meeting of said district, on the 23d of September 1839, in pursuance of an article in the warrant " to see how the district will have their district meetings called and warned in future," the district " voted to authorize their clerk to call and warn their annual meetings," and also " voted to notify the meetings by posting notices at the stores of Leonard Hodges and L. & W. S. Belcher ; " and that all meetings of the district, since that time, have been so called and warned, with the knowledge of the defendant, who was usually present and took part in the proceedings, without objecting to such mode of calling and warning.

A meeting for choosing officers was held on the 14th of March 1845, and Jedediah Adams was reëlected clerk of said district.    Said Adams was chosen clerk at a meeting on the 14th of March 1843, and made the record of said meeting, and was sworn on the 22d of March 1843, since which time he has never been sworn, but has been clerk ever since, until the 18th of October 1845, when Samuel W. Curtis was chosen clerk and sworn ; said Adams having resigned.    Said Adams, as clerk, recorded the doings of said district at their meeting on the 14th of March 1845.

On the 18th of April 1845, said Adams, as clerk of said district, at the special request of the defendant, drew up and signed three papers, which were alike, and of which the following is a copy : " The inhabitants of the third school district in Stoughton, qualified to vote in town affairs, are hereby notified to meet at their school house, on Monday, the 28th instant, at $5\frac{1}{2}$ o'clock, P. M. to consider and act on the following articles, viz. : Art. 1. To choose a moderator. 2. To see if the district will procure a piece of land for the use of the scholars, &c. 3. To see if the district will move their house on the said land, if they procure any.    Jedediah Adams, District Clerk.    Stoughton, April 18th 1845." Two of these papers were posted up, one at said Hodges's store, and one at

said Belchers' store, at least seven days before the said 28th of April. But if parol evidence be admissible to prove that fact, no return in writing of said posting or service was ever made on either of said notices, or on the district records, until the 13th of October 1845, and after this suit was instituted; but said copy of the notice, on the book of records, was made from the original, at or about the time of the meeting on the 28th of April, as hereinafter mentioned; and on the 13th of October 1845, said Adams, still being clerk, made the return, in writing, on the back of said original notice, and re-corded the same in the book of records.

The notice for said meeting of April 28th 1845 was issued without any application being made in writing, and signed by voters in said district, and without any warrant being issued by the prudential committee, or by any town or other officer. And the defendant, when he requested the said Adams to draw up the aforesaid papers, did not suggest the contents or phraseology thereof, except the general tenor of the articles.

At the meeting on the 28th of April 1845, the original no-tice was brought into the district meeting, (the clerk, said Adams, being absent from said meeting, if parol testimony be admissible to prove it,) and said meeting was called to order by virtue of said notice, and thereupon said district chose Samuel W. Curtis clerk *pro tempore*, who, if parol evidence be admissible to prove it, or if the records prove it, accepted said office, and wrote upon a sheet of paper the doings of said meeting, which were, in a day or two after said meeting, writ-ten out in the book of records from minutes, by said Adams, and by him subscribed as district clerk, and are a true record of the doings of that meeting, if parol evidence or the said records are competent to prove the fact. Said Curtis was never sworn as clerk *pro tempore*. A moderator was then chosen. The defendant, an inhabitant of said district, and legal voter therein, was present at said meeting, and when said articles came up to be acted on, verbally offered to lease to the district, for the purpose aforesaid, so long as they should wish to use it, one half acre of land, near their said school

house, of which he was and still is seized and possessed in fee simple in his own right; and that he demanded therefor, as rent, the sum of three dollars per year; whereupon said meeting voted to adjourn for ten minutes, to view the land, and did so adjourn, and in company with said Atherton, who pointed it out to them, paced and staked it off; that they then returned to their said place of meeting, and having come to order, the defendant was requested to put his proposal or agreement in writing, as the same would have to go on the records; to which the defendant assented, and sat down in said open meeting, and wrote the following: " E. A. will lease to the third school district a lot of land containing half an acre, to be six rods wide on the road, the northwest side to be where the fence now stands, by the orchard, and extend back far enough to make said half an acre ; said district to keep it fenced with a tight board fence not less than five feet high; they to pay said Atherton three dollars per year, payment to be made at least once in five years, and interest when not paid annually, and interest to be deducted when paid in advance ; they to hold the same on these conditions, as long as they choose to occupy it for the purpose of keeping a school house thereon, and no longer."

Said memorandum was not signed at bottom ; the first nine words, including the " E. A." were written by the defendant in lead pencil, the rest in ink. This agreement the defendant handed in to the chairman of said meeting, and said, that was what he would do. The chairman read it aloud, and upon motion to that effect, said district unanimously voted to accept the agreement, and voted that J. Adams, the clerk of said district, be authorized, in behalf of the district, to sign and take a lease of said land; and the moderator at the same time handed the agreement to said Curtis, the clerk *pro tempore*, to be by him recorded, and it was recorded, as aforesaid, as appears by the records of said district. Immediately after said meeting, the district purchased lumber, and carted it on to the land, for the purpose of building said fence, and their school house now stands upon land of the

defendant, of which the district are only tenants at will; and the defendant has notified them to quit the same, and remove the school house therefrom; and unless they have a lease of the premises demanded, there is no place in said district to which they can move it, without great and disproportionate expense and inconvenience. Said district, immediately there-afterwards, called on the defendant, and requested him to make and execute a lease according to said agreement, and tendered him such a one, requesting him to execute it, which he re-fused; and said district then and ever since were ready, and offerèd to execute and perform their part of said written agreement; but the defendant refused; but he offered to exe-cute a lease at a rent of five dollars per annum, instead of three dollars, or if the district would indemnify him against all tres-passes on his lands by the school children; and, up to the time of suit brought, has assigned no other reason for his refusal.

At the meeting of the 23d September 1839, Amasa South-worth was clerk, and made said record; and if his parol testi-mony to that fact be admissible, or if he can now be allowed to amend said record, he would swear that the vote of the district was, that their clerk be authorized to call and warn all district meetings, and would amend his record accordingly. At a meeting called, warned and holden, as appears by the records, on the 18th of October 1845, said Samuel W. Curtis, pursuant to an article to that effect, was chosen clerk of the district, accepted the office, and was duly sworn; and he immediately afterwards, on the same day, from full and origi-nal minutes in his own hand writing, taken on said 28th of April, recorded in the book of records the doings of the meet-ing of said 28th of April.

If, upon the foregoing statement of facts, which said dis-trict and said Atherton agree to, simply for the disposition of this case, (in no wise admitting their truth for any other pur-pose,) the court shall be of opinion that the plaintiffs are entitled to a decree for a specific performance, then the bill is to be taken *pro confesso*, and such decree passed thereupon as the court judge reasonable; but if the court shall be of opinion

that the plaintiffs are not entitled to a specific performance, or any other relief, the bill is to be dismissed.

ˉ *Churchill*, for the plaintiffs. The defendant has made and signed a binding agreement, within the statute of frauds. *Geary* v. *Physic*, 5 Barn. & Cres. 234. *Merritt* v. *Clason*, 12 Johns. 102, and 14 Johns. 484. *Propert* v. *Parker*, 1 Russ. & Mylne, 625. *Knight* v. *Crockford*, 1 Esp. R. 190. *Saunderson* v. *Jackson*, 3 Esp. R. 180, and 2 Bos. & Pul. 238. Ellis on Debtor & Creditor, 259.

If there be errors in the district records, they are immaterial, for the plaintiffs need not be bound to the defendant, in order to render him liable to them. *Allen* v. *Bennet*, 3 Taunt. 169. *Douglass* v. *Spears*, 2 Nott & McCord, 207. *Barstow* v. *Gray*, 3 Greenl. 409. *Penniman* v. *Hartshorn*, 13 Mass. 91. *M'Crea* v. *Purmont*, 16 Wend. 460. Nor need the plaintiffs show an acceptance of the defendant's offer, by their records, nor even by writing. Their acceptance may be shown by parol, and presumed from their acts. *Bank of U. States* v. *Dandridge*, 12 Wheat. 64. *Canal Bridge* v. *Gordon*, 1 Pick. 297. *Dunn* v. *St. Andrew's Church*, 14 Johns. 118.

The defendant is estopped to deny the legality of the meeting of April 28th, which was called and warned as he requested, which he attended, and at which he made the offer of his land. *Dutchess Cotton Manufactory* v. *Davis*, 14 Johns. 238. Angell & Ames on Corp. (3d ed.) 474, 475. But if he were permitted to show, by the records, if he could, that the meeting was illegal, he could not succeed. The plaintiffs have proceeded as they were authorized by the Rev. Sts. c. 23, §§ 47, 48.

The records, if not accurate, may be amended, according to the truth. *Bishop* v. *Cone*, 3 N. Hamp. 513. *Gibson* v. *Bailey*, 9 N. Hamp. 168. *Hoag* v. *Durfey*, 1 Aik. 286. *Welles* v. *Battelle*, 11 Mass. 481.

No record proof of the warning of a district meeting is required by law. It may therefore be proved by parol. And where there is not record evidence that a district officer was

duly sworn, it may be proved by other evidence. *Pease* v. *Smith*, 24 Pick. 122.

A district clerk may legally make a record of his own election. *Briggs* v. *Murdock*, 13 Pick. 305. And when the clerk is absent from a meeting, the district may choose a temporary clerk, as one of the incidents of its powers, though there is no article in the warrant on the subject of such choice. *Rex* v. *Mothersell*, 1 Stra. 93. *Highland Turnpike Co.* v. *M'Kean*, 10 Johns. 154. *Hutchinson* v. *Pratt*, 11 Verm. 402.

*Wilkinson*, for the defendant. Specific performance will not be decreed where one party only is bound by the agreement. *Benedict* v. *Lynch*, 1 Johns. Ch. 370. In this case, the plaintiffs were not bound to the defendant; *first*, because the meeting, at which the plaintiff made his offer, was not legally called; *secondly*, because the clerk was not sworn; and *thirdly*, because no evidence of the warning was on the record, till since the plaintiffs' bill was filed.

There was no warrant for the meeting. The vote of 1839 does not dispense with a warrant for a meeting, but only directs the mode of posting up the notice. Besides; it applies, in terms, only to annual meetings. A meeting *de facto* is not sufficient to warrant any proceedings. *Moor* v. *Newfield*, 4 Greenl. 44. See also *Little* v. *Merrill*, 10 Pick. 543. *Perry* v. *Inhabitants of Dover*, 12 Pick. 206. *Hunt* v. *School District in Norwich*, 14 Verm. 300. *Congregational Society of Bethany* v. *Sperry*, 10 Connect. 200. *Reynolds* v. *Inhabitants of New Salem*, 6 Met. 340. *Chamberlain* v. *Inhabitants of Dover*, 1 Shepley, 466. *Pratt* v. *Town of Swanton*, 15 Verm. 147.

The records cannot be amended by a clerk after he is out of office. *Taylor* v. *Henry*, 2 Pick. 397, 402. *Hartwell* v. *Inhabitants of Littleton*, 13 Pick. 229.

DEWEY, J. The defendant denies that any valid contract has ever been entered into between himself and the inhabitants of School District No. 3, in Stoughton, which can be enforced against him in the manner prayed for in this bill.

The plaintiffs, being a corporation, can only act in their

corporate capacity, and bind themselves by acts authorized by legal votes adopted at a regularly called district meeting.

The first inquiry therefore is, whether the proposition made by the defendant, in reference to the lease of certain lands for the site of a school house for the use of the district, was legally accepted by the district, by their vote of April 28th 1845. This raises the question of the legality of the meeting of that date.

By force and effect of the Rev. Sts. *c.* 23, § 48, school districts are authorized to prescribe the mode of calling and warning district meetings; and this district, at a meeting holden on the 23d of September 1839, did vote to authorize their clerk to call and warn the annual meetings.

The first objection taken to the validity of the meeting of April 28th 1845 is, that the officiating clerk was not duly sworn. We perceive, however, no sufficient objection on that ground. At the meeting holden on the 14th of March 1843, Jedediah Adams was duly elected clerk, and was sworn, March 22d 1843; and being thus legally qualified to act, he continued, by force of the provision of Rev. Sts. *c.* 23, § 27, to be the legal clerk, until Samuel A. Curtis was sworn into office as clerk, on the 18th of October 1845. There was, therefore, a clerk legally qualified to discharge all the duties devolved upon such clerk, and Jedediah Adams was such officer at the time of the calling and holding of the meeting in question.

The second inquiry is, whether the clerk of the district had authority to call special meetings of the district, or those other than the annual meetings. The annual meeting for the choice of officers had been already holden on the 14th of March 1845, and the meeting, called to act upon the subject of procuring land for the use of the school district, was a special meeting, and different from the regular annual meetings. The phrase "annual meeting," though not used in the revised statutes, yet is very well understood to apply to meetings called for the choice of annual officers of towns and districts, in distinction from other meetings called for particular objects, and

in which no such officers are to be elected. The authority conferred on the clerk by the vote of the district was to call and warn "the annual meetings." This seems to us to limit his authority to the calling solely of annual meetings. Reasons might exist for this distinction and limitation of the authority conferred upon the clerk, which may be supposed to have induced the district to have intended to confer this power as to the annual meeting, and not as to those other meetings called upon special and extraordinary occasions. But whatever may have been the cause of this designation of the meeting to be called and warned by the district clerk, the fact of such limitation to the calling of *annual meetings* is established by the record of the doings of the district, duly certified. And we do not feel authorized to allow the parol evidence offered to establish the fact that the real vote, passed by the district on the 23d of September 1839, was one authorizing the clerk to call all district meetings. Such evidence would be in direct contradiction to the record. It differs entirely from the case of the admission of parol evidence to show the existence of certain facts omitted to be stated upon the record, as in the instance of evidence to show that the oath was duly administered to a public officer of a town or district, where the same is not recorded. *Moor* v. *Newfield*, 4 Greenl. 44. *Little* v. *Merrill*, 10 Pick. 543. The further offer to amend the record by the district clerk then in office, but now for many years out of office, is also inadmissible. *Hartwell* v. *Inhabitants of Littleton*, 13 Pick. 229.

. The Rev. Sts. *c.* 23, § 46, prescribe the mode of calling district meetings when the district itself has not directed any specific mode. In such case, they are to be called by the selectmen of the town, or the prudential committee of the district. The meeting of April 28th 1845, therefore, was not legally called, and the district was not bound by the vote at that meeting in relation to the proposed contract with the defendant.

It is then contended, that if this be so, and the district was not bound by this vote, yet it may be enforced against the

defendant. We cannot sanction this view of the case, but are of opinion that there must be mutuality in a contract of this nature to make it obligatory. Nor do we concur in the suggestion that the defendant is estopped to deny the legality of the meeting, from the circumstance that he was present at it. He might have supposed it was legally called, and that he was making a valid contract with the district, in their corporate capacity. Having ascertained that such was not the fact, he may avail himself of this defence, and insist that the contract was not binding, for want of mutuality. The court are therefore of opinion that this bill should be dismissed; but, under the circumstances of the case, no costs are to be taxed in favor of the defendant.

*Bill dismissed.*